S08Y0882, S08Y0883. IN THE MATTER OF JAMILA HARRISON (two cases).
(668 SE2d 254)

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline filed by the State Bar against Respondent Jamila Harrison in which the State Bar alleges that Harrison violated Rules 3.3, 3.4, 8.1, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for each of the rules violated is disbarment, which the State Bar recommends in these cases. Harrison failed to file Notices of Rejection to the Notices of Discipline, despite having been properly served by publication. Therefore, Harrison is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

In S08Y0882, Harrison was retained by a client to represent him in immigration proceedings and filed an application for asylum that contained numerous false statements regarding her client's back-

ground and family. The application also contained false affidavits bearing forged signatures and a fabricated death certificate. Harrison advised her client to sign the false documents and to perjure himself in the immigration proceedings. Although admitted to the State Bar in 2002, Harrison currently is suspended for failure to respond to the Investigative Panel. In aggravation of discipline we find that Harrison acted willfully and dishonestly in advising her client to perjure himself and in preparing and filing the false documents; she abandoned her law practice at the address she gave the State Bar and has not provided a current address; she failed to respond to disciplinary authorities; and a second Notice of Discipline recommending disbarment was filed simultaneously with the instant case.

In S08Y0883, Harrison was retained by the brother of the client in S08Y0882 to represent him in immigration proceedings. In that case Harrison advised her client to enter into a fraudulent marriage to support a sponsorship petition in the event that the asylum application she filed on his behalf failed. Harrison filed the asylum application, which also contained false statements, forged signatures and a false death certificate and which she advised her client to sign. She also advised him to perjure himself in the immigration proceedings. We find the same aggravating factors in this case as in the case set forth above.

Based on the violations and the aggravating factors, we agree that disbarment is warranted in these matters. Accordingly, the name of Jamila Harrison hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*